**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TERESA CAVALLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 26-mc-00014-JDR-SH |
| HOTEL FINANCE PARTNERS, INC.; | ) | |
| DANIEL LEE RITZ; and ZANE D. | ) | |
| RUSSELL, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is the motion of non-party Monarch Mountain Development LLC

("Monarch") to quash or modify a document subpoena issued by Defendants.  Among

other things, Monarch argues that the subpoena requires compliance more than 100 miles

from where it regularly transacts business in person.  (Dkt. No. 1 at 10–12.[1])  *See* Fed. R.

Civ. P. 45(c)(2)(A).  The subpoena at issue requires compliance in Sheridan, Wyoming.

(Dkt. No. 7-1 at 2.)  The only Court that can quash a subpoena—even one that "<u>requires</u> a

person to <u>comply</u> beyond the geographical limits specified in Rule 45(c)"—is "the court

for the district where <u>compliance</u> is <u>required</u> . . . ."  Fed. R. Civ. P. 45(d)(3)(A)(ii)

(emphasis added).  Based on the plain language and structure of Rule 45, the Court finds

that the Northern District of Oklahoma is not the district where compliance is required.

*See also Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564-SEH-JFJ, 2024 WL 841215, at *2–

4 (N.D. Okla. Feb. 28, 2024) (outlining the split in authority and persuasively finding such

district to be determined on the face of the subpoena).  The district where compliance is

required is the District of Wyoming.  *See* 28 U.S.C. § 131.

---

[1] Page numbers refer to those in the court-provided header.

IT IS THEREFORE ORDERED that *Non-Party Monarch Mountain Development LLC's Opposed Motion to Quash Subpoena Duces Tecum, or in the Alternative, Motion to Modify* (Dkt. No. 1) is DENIED.

ORDERED this 17th day of July, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT